UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANDREA ESTRADA,

                    Plaintiff,
        vs.

STATE OF NEVADA, *et al.,*

                    Defendants.

Case No.: 2:25-cv-00053-GMN-MDC

**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS**

Pending before the Court is the Motion to Dismiss in Part, (ECF No. 20), filed by Defendants State of Nevada ex rel. Department of Public Safety, Nevada Highway Patrol, and Trooper Kevin Provost.  Plaintiff Andrea Estrada filed a Response, (ECF No. 24), and Defendants filed a Reply, (ECF No. 25).

For the reasons discussed below, the Court GRANTS**,** in part, and DENIES, in part, Defendants' Motion to Dismiss.

I.      **BACKGROUND**

This case arises from Defendants' alleged violations of Plaintiff's civil rights during a traffic stop. (Compl. ¶ 1, ECF No. 1).  Plaintiff alleges that Defendant Provost, acting within the course and scope of his employment with the Nevada Highway Patrol ("NHP"), pulled her over while she was driving in Clark County, Nevada. (*Id.* ¶ 20).  Plaintiff claims that when she exited her car, per Defendant Provost's request, he grabbed her, physically restrained her, and attempted to handcuff her. (*Id.* ¶¶ 28–30).

Plaintiff alleges that after Defendant Provost handcuffed her, he slammed her against the hood of his vehicle and leaned on her with his full body weight. (*Id.* ¶ 33).  She claims that he then threw her onto the ground, again putting his full body weight on her. (*Id.*).  Defendant

Provost subsequently arrested Plaintiff and booked her into jail at Clark County Detention Center ("CCDC"). (*Id.* ¶¶ 40–41). She alleges that during the time she was held at CCDC, she requested medical treatment six times and was denied each time. (*Id.* ¶ 42). Plaintiff claims that due to Defendant Provost's conduct, she suffered a number of injuries, including a fractured nose, torn meniscus, bruising and pain in her breasts and chest, two black eyes, and sprained wrists. (*Id.* ¶ 43).

Plaintiff brings the following claims: (1) 42 U.S.C.A. § 1983 claim for violation of the Fourth, Fifth, and Fourteenth Amendments against Defendants NHP and Provost, (2) battery against Defendants NHP and Provost, (3) false imprisonment against Defendants NHP and Provost, and (4) negligence against Defendant Provost. (*Id.* ¶¶ 44–71).

## II.    LEGAL STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   **DISCUSSION**

Defendants now move to dismiss Plaintiff's § 1983 claim against NHP and any official capacity defendants, and all of Plaintiff's state law claims against all Defendants as barred by sovereign immunity under the Eleventh Amendment. (Mot. Dismiss 3:12–5:10, ECF No. 20). The Court addresses each of Plaintiff's claims in turn.

### A.  42 U.S.C. § 1983 Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the violation of a Constitutional right and (2) show that the violation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Here, Plaintiff alleges her rights under the Fourth, Fifth, and Fourteenth Amendment were violated by Defendant Provost while he was acting within the course and scope of his employment with the Nevada Highway Patrol. (*See generally* Compl.). Defendants argue that Plaintiff's § 1983 claim (1) should be dismissed against NHP and any official capacity defendants because its barred by sovereign immunity, and (2) fails to state a claim for violation of the Fifth and Fourteenth Amendments. (Mot. Dismiss 3:12–24, 4:16–5:10). The Court considers each of Defendants' arguments in turn.

///

///

### 1. Sovereign Immunity

Defendants assert that this claim should be dismissed against the NHP and any official capacity defendants arguing that the claim is barred by the Eleventh Amendment. (*Id.* 3:14–20). Defendants further argue that neither the state nor its employees acting in their official capacities are "person[s]" who can be sued under § 1983. (*Id.* 3:20–24). In Response, Plaintiff contends that the Eleventh Amendment only bars suits against states by citizens of *other* states, and thus citizens are free to sue their *own* state. (Resp. 6:10–18, ECF No. 24).

The Eleventh Amendment bars a citizen from a state or its agencies for money damages in federal court. *Seminole Tribe of Fla. v. Fla.,* 517 U.S. 44, 54 (1996). Claims brought under § 1983 do not abrogate states' sovereign immunity under the Eleventh Amendment. *Quern v. Jordan,* 440 U.S. 332, 342–343 (1979). Nevada has not waived its sovereign immunity. Nev. Rev. Stat. ("NRS") 41.031(3). Moreover, neither a state nor a state official sued in an official capacity for monetary damages is a "person" for purposes of a § 1983 damages action. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Here, Plaintiff brings her § 1983 claim against Defendants NHP and Provost. With respect to the NHP, the inquiry is straightforward. As an agency of the State of Nevada, the NHP is not a "person" amenable to suit under § 1983. *O'Grady-Sullivan v. Nevada*, No. 2:11-cv-00839-RLH-LRL, 2011 WL 6301047, at *3 (D. Nev. Dec. 15, 2011). Thus, with respect to NHP, Plaintiff's § 1983 claim fails as a matter of law and must be dismissed with prejudice.[1]

With respect to Defendant Provost, it is not clear from Plaintiff's Complaint whether he is sued in his official or individual capacity. If sued in his official capacity, Defendant Provost would not qualify as a "person" who can be sued under § 1983. *Will*, 491 U.S. at 71. When determining whether an official has been sued in his official or individual capacity, courts must

---

[1] Plaintiff argues that this claim should be dismissed against NHP without prejudice because it is a dismissal for lack of subject matter jurisdiction. (Resp. 6:20–8:2). However, the Court dismisses NHP here for failure to state a claim under FRCP 12(b)(6), not for lack of subject matter jurisdiction.

examine the capacity in which the officer is sued, not the capacity in which the officer inflicts the alleged injury. *Magassa v. Mayorkas*, 52 F.4th 1156, 1162 (9th Cir. 2022) (citing *Hafer v. Melo*, 502 U.S. 21, 26 (1991)).  Here, by seeking damages under § 1983, the Complaint indicates that Defendant Provost was sued in his individual capacity. *See Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1990) (collecting cases construing § 1983 damages actions as individual capacity suits).  Therefore, Plaintiff's § 1983 claim against Defendant Provost is not barred by the Eleventh Amendment.

Thus, the Court GRANTS Defendants' Motion to Dismiss this claim with prejudice against Defendant NHP but DENIES the Motion to Dismiss this claim with respect to Defendant Provost.

### 2. Violations of the Fifth and Fourteenth Amendments

Defendants next move to dismiss Plaintiff's § 1983 claim in part for failure to state a claim for violation of the Fifth and Fourteenth Amendments. (Mot. Dismiss 4:16–5:10). Plaintiff concedes that she fails to state a claim under the Fifth Amendment but argues that her right to due process under the Fourteenth Amendment was violated by Defendants' conduct. (Resp. 10:18–11:17).

Where a claim "arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment." *Graham v. Connor,* 490 U.S. 386, 394 (1989) (finding a claim of excessive force during an arrest implicated a Fourth Amendment violation, not a due process violation).  In her Response, Plaintiff appears to equate the Fourth Amendment's prohibition of unlawful "seizure" with a claim for false imprisonment. (Resp. 11:5–6).  Plaintiff explains that because she also brings claims for battery and negligence, her Fourteenth Amendment theory remains viable. (*Id.* 11:8–17).  However, Plaintiff confuses the issues.  As the *Graham* Court explained, "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest,

investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment . . . rather than a 'substantive due process' approach." 490 U.S. at 395.

Here, Plaintiff's § 1983 claim is directed towards her unlawful seizure by Defendant Provost, and excessive force used by Defendant Provost during a traffic stop. (*See* Compl. ¶¶ 20–43). Under either formulation, her claim falls squarely within the ambit of the Fourth Amendment. *See Larson v. Neimi*, 9 F.3d 1397, 1400 (9th Cir. 1993) (collecting cases holding "that Fourth Amendment, rather than general due process, standards applied to claims of unconstitutional seizure and excessive force").

The Court thus GRANTS Defendants' Motion to Dismiss this claim with respect to violations of the Fifth and Fourteenth Amendment. Plaintiff's § 1983 claim may only proceed under a Fourth Amendment theory against Defendant Provost in his individual capacity.

**B. State Tort Law Claims**

Plaintiff next brings state-law tort claims for battery, false imprisonment, and negligence. (Compl. ¶¶ 51–71). Defendant argues that the claims must be dismissed as to all Defendants pursuant to the Eleventh Amendment and NRS 41.0337. (*Id.* 4:3–13).

Under Nevada law, all state-law tort claims brought against a state officer must also name the state and its appropriate political subdivision as a party defendant, making the state an indispensable party to state-law tort claims. NRS 41.0337; *Herrera v. Florence McClure Women's Corr. Ctr. Facility*, No. 2:23-cv-01397-JAD-BNW, 2024 WL 3459060, at *4 (D. Nev. July 17, 2024). However, the State of Nevada cannot be sued in federal court under the Eleventh Amendment, and Nevada has not waived that immunity. *See O'Connor v State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982); NRS 41.031(3).

Plaintiff argues that the Court may exercise supplemental jurisdiction over her state-law tort claims, and thus the Court should dismiss only the state Defendants and allow the claims to proceed against Defendant Provost. (Resp. 9:7–10:16). However, the Ninth Circuit has held

that a federal court cannot exercise supplemental jurisdiction over state-law tort claims unless there is federal jurisdiction over all indispensable parties to those claims. *See Hirst v. Gertzen*, 676 F.2d 1252, 1265 (9th Cir. 1982). Here, the Court lacks jurisdiction over the State of Nevada under the Eleventh Amendment. *O'Connor*, 686 F.2d at 750. Thus, Plaintiff must bring these state-law tort claims in state court, not federal court. The Court thus GRANTS Defendants' Motion to Dismiss these claims without prejudice to Plaintiff's ability to refile them in state court.

## V.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss in Part, (ECF No. 20), is **GRANTED, in part, and DENIED, in part.**

**IT IS FURTHER ORDERED** that the following claims are **DISMISSED with prejudice:** Plaintiff's § 1983 claim against Defendant NHP, and Plaintiff's § 1983 claim for violations of the Fifth and Fourteenth Amendment.

**IT IS FURTHER ORDERED** that the following claims are **DISMISSED without prejudice:** Plaintiff's state-law tort claims for battery, false imprisonment, and negligence.

The following claims will proceed on the litigation track: Plaintiff's § 1983 claim for violation of the Fourth Amendment against Defendant Provost in his individual capacity.

**DATED** this ___5___ day of March, 2026.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT